UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-19-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES WILLIAM LEWIS, JR., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 46). The Government opposes the motion and has filed a Motion for Extension of Time to Respond. (Doc. Nos. 50, 51).

**I.  Background**

In December of 2013, Defendant robbed a Jack in the Box restaurant in Charlotte, North Carolina. (Doc. No. 21 ¶¶ 5–7). Defendant wielded a firearm during the robbery and threatened to shoot the manager if the manager did not give Defendant cash. (Id. ¶ 5). Defendant had previously worked at the Jack in the Box, and the manager recognized Defendant. (Id.).

Three weeks later, police officers went to Defendant's girlfriend's home in Fort Mill, South Carolina, to arrest him. (Id. ¶ 6). Defendant's girlfriend allowed the police to search her home, and when a police officer entered a second-floor bedroom, Defendant was inside and pointing a gun at the officer. (Id.). Although the officer may have fired first, Defendant shot the officer twice, once in the abdomen and once in the shoulder, causing a life-threatening injury. (Id.). The officer shot Defendant once in each leg. (Id.).

A federal grand jury indicted Defendant and charged him with Hobbs Act robbery, 18

1

U.S.C. § 1951; and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 6). Defendant pleaded guilty to both offenses without a plea agreement. (Doc. No. 13).

This Court's probation office submitted a presentence report and calculated a total offense level 31 for the robbery offense. (Doc. 21 ¶ 39). The probation office assessed Defendant zero criminal-history points. (Id. ¶ 46). The probation office concluded that the Sentencing Guidelines advised a sentence of between 108 and 135 months in prison for the robbery offense based on a total offense level of 31 and a criminal-history category of I. (Id. ¶ 91). Defendant faced a statutory mandatory consecutive sentence of 84 months in prison for the firearm offense. (Id. ¶¶ 89–90). This Court sentenced Defendant to 24 months in prison for the robbery offense and to a consecutive term of 84 months in prison for the firearm offense, for an aggregate sentence of 108 months in prison. (Doc. No. 25 at 2). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-

history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect

when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. The probation office did not assess him points because he committed his offense while under a criminal-justice sentence, as required for eligibility under Part A of Amendment 821. And while Defendant was assessed zero criminal-history points, he possessed a firearm in connection with the offense, he used violence in connection with the offense, and his offense resulted in serious bodily injury, rendering him ineligible for a reduction under Part B, Subpart 1, of Amendment 821. Because Defendant has not shown that he is eligible for a sentence reduction, the Court denies his motion.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 46) is **DENIED**. The Government's Motion for Extension of Time (Doc. No. 50) is **GRANTED** nunc pro tunc.



Max O. Cogburn Jr
United States District Judge