UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cr-19-MOC

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) **ORDER** |
| JAMES LEWIS, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 53). The Government has responded in opposition to the motion. (Doc. No. 57).

I. **BACKGROUND**

In December 2023, Defendant entered a Jack in the Box restaurant and demanded money from the night manager. (Doc. No. 21 ¶ 5). The manager recognized Defendant because Defendant had previously worked at the restaurant. (Id.). Although the manager offered to give Defendant some of his own money, Defendant refused, stating that he wanted money from Jack in the Box. (Id.). The manager went to the office, where Defendant told him, "Don't make me shoot you. I don't want to shoot you." (Id.). While the manager was opening the safe, Defendant brandished a firearm behind the manager's back. (Id. ¶ 5). Defendant took $450 from the manager and fled. (Id.).

A month later, police went to Defendant's girlfriend's home in South Carolina to serve Defendant with an arrest warrant for armed robbery. (Id. ¶ 6). As officers entered a bedroom in the home, they encountered Defendant, who was pointing a firearm at the officers. (Id.). Defendant shot one of the officers twice, once in the abdomen—a life-threatening injury—and

-1-

once in the left shoulder. (Id.). The officer also shot Defendant twice, once in each leg. (Id.). Defendant admitted to robbing the Jack in the Box and stated that he shot the officers because he wanted them to kill him. (Id. ¶¶ 7, 16).

A federal grand jury indicted Defendant, charging him with Hobbs Act robbery, 18 U.S.C. § 1951, and brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). (Doc. No. 6). Defendant pleaded guilty to both offenses without a plea agreement. (Doc. No. 13). This Court's probation office prepared a presentence report, finding that Defendant should be sentenced at a base offense level of 20 for his robbery offense and that he should receive two six-level enhancements because a victim sustained permanent or life-threatening injury and Defendant had reasonable cause to believe that the person was a law-enforcement officer, a two-level enhancement for reckless endangerment during flight, and a three-level reduction for acceptance of responsibility, for a total offense level of 31. (Doc. No. 21 ¶¶ 29–32, 34, 37–39).

With a criminal history category of I, the Sentencing Guidelines advised a sentence of 108 to 135 months in prison for the robbery offense. (Id. ¶¶ 46, 91). Defendant faced a mandatory-minimum consecutive sentence of seven years in prison for his firearm offense. (Id. ¶¶ 89–91). At sentencing, the United States moved to withdraw the 12 levels of victim-related enhancements because Defendant was facing charges in South Carolina for shooting the officer when he was arrested. (Doc. No. 26 at 4). This Court granted the motion and determined that Defendant's total offense level was 17 and his advisory guidelines range was 24 to 30 months in prison. (Id. at 1; see Doc. No. 53-1 at 11–12). The Court sentenced Defendant to 24 months for the robbery offense and to a consecutive term of 84 months in prison for the firearm offense, for

a total term of 108 months in prison. (Doc. No. 25 at 2).

Defendant appealed, but the Fourth Circuit later granted his motion to voluntarily dismiss his appeal. (Doc. Nos. 27, 34). He filed a motion to vacate, arguing that his firearm conviction was invalid under Johnson v. United States, 576 U.S. 591 (2015), and that his attorney provided ineffective assistance. See (Doc. No. 37). This Court granted the United States' motion to dismiss. (Id.).

In 2022, Defendant filed his first motion for compassionate release. (Doc. No. 40). He argued that his Hobbs Act robbery conviction was not a crime of violence and that his offense conduct did not warrant the sentence he was serving. (Id.). This Court denied Defendant's motion without prejudice because he had not shown that he had exhausted his administrative remedies. (Doc. No. 44).

Defendant also moved to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 46). The Court denied his motion because Defendant had not received any status points under the Sentencing Guidelines, and he was ineligible for a reduction under the safety valve because he possessed a firearm and used violence in connection with the offense. (Doc. No. 52).

In August 2024, Defendant filed the pending motion for compassionate release. He argues that the Court should not consider the evidence relating to the enhancements that the Court declined to impose at sentencing, which involve his shooting of the officer, because this would lead to a "false narrative." (Id. at 1–4).

II. DISCUSSION

A court may reduce the defendant's term of imprisonment "after considering the factors

-3-

Case 3:14-cr-00019-MOC   Document 60   Filed 10/04/24   Page 3 of 5

set forth in [18 U.S.C. § 3553(a)]" if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The amended policy statements in the Sentencing Guidelines describe five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances, including "[t]he death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's parent when the defendant would be the only available caregiver"; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; and (5) an unusually long sentence. U.S.S.G. § 1B1.13(b). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014). Section § 3582(c)(1)(A)(i) "set[s] an exceptionally high standard for relief" and the "extraordinary and compelling reasons" standard is reserved for "the truly exceptional cases." United States v. McCoy, 981 F.3d 271, 287–88 (4th Cir. 2020).

The Court will deny Defendant's motion. First, he has not identified any extraordinary and compelling circumstances to support his request for compassionate relief.[1]

---

[1] Defendant does not cite to any of the categories identified in the policy statements to the Sentencing Guidelines. Rather, he asserts that the grounds on which he is seeking relief "will be addressed in future motions." (Doc. No. 53 at 4). Although Defendant may file more than one motion for compassionate release, he may not litigate his request for compassionate release in piecemeal fashion.

-4-

In any event, the Court finds that the sentencing factors in 18 U.S.C. § 3553(a), which the Court must consider on a motion for compassionate release, do not support a reduced sentence. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." United States v. Prater, No. 3:13CR133, 2021 WL 54364, at *4 (E.D. Va. 2021) (citing 18 U.S.C. § 3553(a)(1)–(2)). Section 3553(a) also instructs courts to consider the sentencing range established for the offense, as well as "the need to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(4), (6).

Accordingly, the Court will deny Defendant's motion for compassionate release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 53), is **DENIED**.

Signed: October 4, 2024

Max O. Cogburn Jr
United States District Judge